# EXHIBIT "A"

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF SUFFOLK

LAW OFFICE OF EDWARD J. LAKE D/B/A
THE LAKE LAW FIRM AND EDWARD J. LAKE

Index No.

Plaintiff(s),

*-against-*

𝔖𝔲𝔪𝔪𝔬𝔫𝔰

LEE MELCHIONNI, RICHARD SOLIT, SYLVIA BENITO,
ACI LAW GROUP LLP, ACI TALC LAW GROUP LLP,
ASK LAW GROUP LLP, BHI LAW GROUP LLP, BLUE
CHIP LAW GROUP LLP, ERC LAW GROUP LLP,
ERC PARTNERS LLC, JUSTICE PARTNERS GROUP
LLP, KS LAW GROUP LLP, LRS LAW GROUP, LLP,
TC LAW GROUP LLP, TITAN LAW GROUP LLP,
and JANE/JOHN DOES 1-12

Date Index No. Purchased:

Defendant(s).

To the above named Defendant(s)

LEE MELCHIONNI, 1537 Tryon Rd NE, Brookhaven, Georgia 30319; RICHARD SOLIT, 9350 NE 12th Ave,
Miami Shores, Florida 33138; SYLVIA BENITO, 9350 NE 12th Ave, Miami Shores, Florida 33138; ACI LAW
GROUP LLP, 4062 Peachtree Rd NE, Unit A, Box 1667, Brookhaven, GA 30319; ACI TALC LAW GROUP LLP,
20900 NE 30th Ave Suite 510 Miami FL 33180; ASK LAW GROUP LLP 20900 NE 30th Ave Suite 510 Miami FL
33180; BHI LAW GROUP LLP, 4062 Peachtree Rd NE, Unit A, Box 1667, Brookhaven, GA 30319; BLUE
CHIP LAW GROUP LLP, 1100 H St NW, Suite 840, Washington, DC 20005; ERC LAW GROUP LLP, 1537 Tryon
Rd NE, Brookhaven, GA 30319; ERC PARTNERS LLC, 20900 NE 30th Ave, Suite 510, Miami, FL 33180; JUSTICE
PARTNERS GROUP LP, 1100 H St NW, Suite 840, Washington, DC 20005; KS LAW GROUP LLP,20900 NE 30th Ave,
Ste 510, Miami, FL 33180; LRS LAW GROUP, LLP, 20900 NE 30th Ave, Suite 510, Miami, FL 33180; TC LAW GROUP
LLP, 1100 H St NW, Suite 840, Washington, DC 20005; TITAN LAW GROUP LLP, 4062 Peachtree Rd NE, Unit A,
Box 1667, Brookhaven, GA 30319 and JANE/JOHN DOES 1-12

You are hereby summoned to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

The basis of venue is CPLR§ 503

which is principal place of business of LAKE LAW FIRM is in Suffolk County, and acts alleged herein occurred within this County

Dated: OCTOBER 22, 2025

EDWARD LAKE, ESQ.

by _____

EDWARD J LAKE

**Attorneys for Plaintiff**

LAW OFFICE OF EDWARD J. LAKE d/b/a
THE LAKE LAW FIRM AND and
EDWARD J. LAKE

270 West Main Street, Suite 3
Sayville, NY 11782
Phone: 888-525-3529
Fax: 917-893-4392
Email: info@lakelawfirm.com

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

LAW OFFICE OF EDWARD J. LAKE D/B/A
THE LAKE LAW FIRM AND EDWARD J. LAKE

                Plaintiffs,

      v.                                                    Index No.

LEE MELCHIONNI, RICHARD SOLIT,
SYLVIA BENITO, ACI LAW GROUP LLP,
ACI TALC LAW GROUP LLP, ASK LAW
GROUP LLP, BHI LAW GROUP LLP,
BLUE CHIP LAW GROUP LLP, ERC LAW
GROUP LLP, ERC PARTNERS LLC, JUSTICE
PARTNERS GROUP LLP, KS LAW GROUP LLP,
LRS LAW GROUP, LLP, TC LAW GROUP LLP,
TITAN LAW GROUP LLP, and JANE/JOHN DOES
1-12

                Defendants.

---

## COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

Come Now Plaintiffs, LAW OFFICE OF EDWARD J. LAKE, PC, d/b/a THE LAKE LAW

FIRM and EDWARD J. LAKE, by and through their undersigned counsel, and file this Complaint

and Motion for Preliminary Injunction against Defendants, LEE MELCHIONNI, RICHARD

SOLIT, SYLVIA BENITO, ACI LAW GROUP LLP, ACI TALC LAW GROUP LLP, ASK LAW

GROUP LLP, BHI LAW GROUP LLP, BLUE CHIP LAW GROUP LLP, ERC LAW GROUP LLP,

ERC PARTNERS LLC, JUSTICE PARTNERS GROUP LLP, KS LAW GROUP LLP, LRS LAW

GROUP, LLP, TC LAW GROUP LLP, TITAN LAW GROUP, LLP, and JANE/JOHN DOES 1-12,

and allege the following:

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

Case 2:25-cv-06213     Document 1-1     Filed 11/06/25     Page 4 of 39 PageID #: 58

RECEIVED NYSCEF: 11/06/2025

## I. <u>INTRODUCTION AND PRELIMINARY STATEMENT</u>

1.      This action arises from a hostile takeover of the LAW OFFICE OF EDWARD J. LAKE d/b/a THE LAKE LAW FIRM ("LAKE LAW FIRM" or "FIRM") orchestrated by Defendants, LEE MELCHIONNI, SYLVIA BENITO, AND RICK SOLIT ("INDIVIDUAL DEFENDANTS") who, as persons not qualified or authorized to practice law in the State of New York, engaged in a broad pattern of willful, malicious, and unlawful conduct aimed to take over LAKE LAW FIRM, dismantle the firm without regard for its clients or staff, and to strip it of its future earnings. INDIVIDUAL DEFENDANTS, along with JANE/JOHN DOES 1-12, knowingly and falsely represented themselves as owners of legitimate District of Columbia law firms, including ACI LAW GROUP LLP, ACI TALC LAW GROUP LLP, ASK LAW GROUP LLP, BHI LAW GROUP LLP, BLUE CHIP LAW GROUP LLP, ERC LAW GROUP LLP, ERC PARTNERS LLC, JUSTICE PARTNERS GROUP LLP, KS LAW GROUP LLP, LRS LAW GROUP, LLP, TC LAW GROUP LLP, and TITAN LAW GROUP, LLP, ("D.C. FIRMS") and unlawfully assumed control over LAKE LAW FIRM business operations, client relationships, and financial resources. Their conduct included misrepresentation, breach of fiduciary duty, conspiracy, racketeering under the Civil RICO statute, conversion of firm assets, coercion, tortious interference, breach of the duty of good faith and fair dealing, fraud, and the unauthorized practice of law, among other actionable wrongs. As a direct result, Plaintiffs suffered the conversion of $7 million in assets, the destruction of an $18 million financing opportunity, severe reputational harm, emotional distress, and the collapse of a $20 million revenue firm. Plaintiffs seek compensatory, punitive, and treble damages, costs, interest, and all other relief the Court deems just and proper.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 2:25-cv-06213    Document 1-1    Filed 11/06/25    Page 5 of 39 PageID #: 59

## II.  JURISDICTION AND VENUE

2.      Jurisdiction is proper in this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302, as the claims arise from acts and omissions occurring within the State of New York, and Defendants transacted business and committed tortious acts within the state.

3.      Venue is proper in this Court pursuant to CPLR § 503, as the principal place of business of LAKE LAW FIRM is located in Suffolk County, New York, and the acts and omissions alleged herein occurred in substantial part within this County.

## III.  PARTIES

4.      Plaintiff LAW OFFICE OF EDWARD J. LAKE, P.C. d/b/a THE LAKE LAW FIRM is a law firm duly organized and operating under the laws of the State of New York, with its principal place of business at 270 West Main Street, Suite 3, Sayville, New York  11782.

5.      Plaintiff EDWARD J. LAKE ("LAKE") is an individual residing at 7701 Glendevon Lane, Unit 1903, Del Ray Beach, Florida 33446 and is the founder and sole owner of LAKE LAW FIRM. LAKE is licensed to practice in the State of New York and has over 25 years of legal experience.

6.      Defendant LEE MELCHIONNI ("MELCHIONNI") an individual residing at 1537 Tryon Rd NE, Brookhaven, Georgia 30319, and may be served with process at this address. At all relevant times, MELCHIONNI has transacted business, engaged in commercial activities, and/or maintained sufficient contacts within the State of New York so as to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules §§ 301 and 302.

7.      Defendant RICHARD SOLIT ("SOLIT") is an individual residing at 9350 NE 12th Ave, Miami Shores, Florida 33138 and may be served with process at this address. At all

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

Case 2:25-cv-06213    Document 1-1    Filed 11/06/25    Page 6 of 39 PageID #: 60

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/06/2025

relevant times, SOLIT has transacted business, engaged in commercial activities, and/or maintained sufficient contacts within the State of New York so as to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules §§ 301 and 302.

8.    Defendant SYLVIA BENITO ("BENITO") is an individual whose address is 9350 NE 12th Ave, Miami Shores, Florida 33138 and may be served with process at this address. At all relevant times, BENITO has transacted business, engaged in commercial activities, and/or maintained sufficient contacts within the State of New York so as to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules §§ 301 and 302.

9.    Defendant ACI LAW GROUP LLP is a law firm existing under the laws of the District of Columbia whose principal address is 4062 Peachtree Rd NE, Unit A, Box 1667, Brookhaven, GA 30319. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant ACI LAW GROUP LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with the LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant ACI LAW GROUP LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant ACI LAW GROUP LLP by any other means authorized by law or order of the Court.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10.     Defendant ACI TALC LAW GROUP LLP is a law firm existing under the laws of the District of Columbia whose principal address is 20900 NE 30th Ave, Suite 510, Miami, FL 33180. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant ACI TALC LAW GROUP LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant ACI TALC LAW GROUP LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant ACI TALC LAW GROUP LLP by any other means authorized by law or order of the Court.

11.     Defendant ASK LAW GROUP LLP is a law firm existing under the laws of the District of Columbia whose principal address is 20900 NE 30th Ave, Suite 510, Miami, FL 33180. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant ASK LAW GROUP LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant ASK LAW GROUP LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant ASK LAW GROUP LLP by any other means authorized by law or order of the Court.

12.    Defendant BHI LAW GROUP LLP is a law firm existing under the laws of the District of Columbia whose principal address is 4062 Peachtree Rd NE, Unit A, Box 1667, Brookhaven, GA 30319. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant BHI LAW GROUP LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant BHI LAW GROUP LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant BHI LAW GROUP LLP by any other means authorized by law or order of the Court.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

13.    Defendant BLUE CHIP LAW GROUP LLP, is a law firm existing under the laws of the District of Columbia whose principal address is 1100 H St NW, Suite 840, Washington, DC 20005. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant BLUE CHIP LAW GROUP LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant BLUE CHIP LAW GROUP LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant BLUE CHIP LAW GROUP LLP by any other means authorized by law or order of the Court.

14.    Defendant ERC LAW GROUP LLP is a law firm existing under the laws of the District of Columbia whose principal address is 1537 Tryon Rd NE, Brookhaven, GA 30319. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant ERC LAW GROUP LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant ERC LAW GROUP LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant ERC LAW GROUP LLP by any other means authorized by law or order of the Court.

15.    Defendant ERC PARTNERS LLC is a law firm existing under the laws of the District of Columbia whose principal address is 20900 NE 30th Ave, Suite 510, Miami, FL 33180. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant ERC PARTNERS LLC has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant ERC PARTNERS LLC, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant ERC PARTNERS LLC by any other means authorized by law or order of the Court.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

16.     Defendant JUSTICE PARTNERS GROUP, LLP is a law firm existing under the laws of the District of Columbia whose principal address is 1100 H St NW, Suite 840, Washington, DC 20005. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant JUSTICE PARTNERS GROUP, LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant JUSTICE PARTNERS GROUP, LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant JUSTICE PARTNERS GROUP, LLP by any other means authorized by law or order of the Court.

17.     Defendant KS LAW GROUP LLP is a law firm existing under the laws of the District of Columbia whose principal address is 20900 NE 30th Ave, Ste 510, Miami, FL 33180. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant KS LAW GROUP LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant KS LAW GROUP LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant KS LAW GROUP LLP by any other means authorized by law or order of the Court.

18.     Defendant LRS LAW GROUP, LLP is a law firm existing under the laws of the District of Columbia whose principal address is 20900 NE 30th Ave, Suite 510, Miami, FL 33180. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant LRS LAW GROUP, LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant LRS LAW GROUP, LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant LRS LAW GROUP, LLP by any other means authorized by law or order of the Court.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

19.     Defendant TC LAW GROUP, LLP is a law firm existing under the laws of the District of Columbia whose principal address is 1100 H St NW, Suite 840, Washington, DC 20005. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant TC LAW GROUP, LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant TC LAW GROUP, LLP as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant TC LAW GROUP, LLP by any other means authorized by law or order of the Court.

20.     Defendant TITAN LAW GROUP, LLP is a law firm existing under the laws of the District of Columbia whose principal address is 4062 Peachtree Rd NE, Unit A, Box 1667, Brookhaven, GA 30319. Upon information and belief, it is not registered or authorized to do business in the State of New York pursuant to New York Business Corporation Law § 1301. At all relevant times, Defendant TITAN LAW GROUP, LLP has transacted business, entered into contracts, and engaged in commercial activities with parties located in New York, including but not limited to contractual agreements with LAKE LAW FIRM. Defendant has purposefully availed itself of the privilege of conducting business in New York and has sufficient contacts with the state

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

to be subject to the jurisdiction of this Court pursuant to New York Civil Practice Law and Rules (CPLR) §§ 301 and 302. Pursuant to New York Business Corporation Law § 307, Defendant TITAN LAW GROUP, LLP, as a foreign corporation doing business in New York without being registered, may be served with process through the Secretary of State of the State of New York. Service upon the Secretary of State shall be deemed sufficient and effective service of process for purposes of this action. Plaintiffs reserve the right to effect service upon Defendant TITAN LAW GROUP, LLP by any other means authorized by law or order of the Court.

21.    Plaintiffs reserve the right to name additional parties as JANE/JOHN DOES 1-12 based on discovery of individuals who knowingly participated in, facilitated, or concealed the fraudulent conduct described in this complaint. These may include administrators, financial agents, attorneys, or others affiliated with MELCHIONNI'S network of law firms and funding arrangements. Such defendants will be held jointly and severally liable to the extent their conduct contributed to the injuries suffered by Plaintiffs.

## IV.  BACKGROUND AND FACTUAL ALLEGATIONS

22.    Plaintiff EDWARD J. LAKE is the principal of LAKE LAW FIRM, a reputable legal practice based in Sayville, New York, with a long-standing record of serving clients in mass tort litigation and maintaining significant contractual and fiduciary relationships with clients, staff, and co-counsel. At all relevant times, LAKE LAW FIRM operated as a legitimate law firm, generating annual revenues in excess of $20 million.

23.    Defendants LEE MELCHIONNI, SYLVIA BENITO, and RICK SOLIT, acting in concert and with a common purpose, knowingly and falsely represented themselves as legitimate law firm owners under the laws of the District of Columbia and as individuals authorized to serve

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

as co-counsel in mass tort litigation. Relying on Defendants' representations, Plaintiffs entered into a series of agreements with the Defendants.

24.     Unbeknownst to Plaintiffs, the purported law firms formed by Individual Defendants were, in violation of Rule 5.4 of the D.C. Rules of Professional Conduct and analogous New York rules.

25.     In a subsequent arbitration proceeding held in Washington D.C., the arbitrator determined that KS LAW GROUP, one of the legal entities created by the INDIVIDUAL DEFENDANTS and managed by MELCHIONNI, was not a proper law firm under D.C. Rule of Professional Conduct 5.4, and that the Individual Defendants' involvement constitutes an improper arrangement in violation of professional conduct rules. It can be reasoned that the twelve law firms mentioned by the arbitrator that were similarly formed by Melchionni are equally improper.

26.     Throughout their involvement, Defendants made material false statements to Plaintiffs and others, including but not limited to representations that their law firm was legitimate, properly constituted, and compliant with all applicable laws and ethical rules. Relying on Defendants' false statements and representations, Plaintiffs permitted Defendants to access confidential business information, client relationships, and financial accounts. Defendants exploited this access to seize control of the firm's operations, including management of payroll, communications with staff and co-counsel, and interactions with funders. Defendants made repeated threats regarding payroll and employment, coercing staff and Plaintiff LAKE, and subjecting them to duress in order to force compliance with Defendants' demands.

27.     On or about March 11, 2024, Defendants interfered with a secured $18 million financing opportunity, which would have covered firm overhead and expenses for thousands of mass tort cases pending with the firm. Defendants' false communications, threats, and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

misrepresentations caused funders to withdraw their commitment, resulting in the loss of critical financing and the collapse of the firm's revenue stream.

28.     On or about March 11, 2024, Defendants used Plaintiffs' loss of funding as an opportunity to seize control of LAKE LAW FIRM, despite their lack of qualifications or experience in running a law firm or handling litigation. Defendants engaged in coercive and extortionate conduct by making economic threats against Plaintiffs, including threats to withhold necessary funding for payroll and operations at a time when Defendants knew Plaintiffs would have difficulty making payroll the following day. Defendants bragged about their unfair bargaining position to third parties, claiming "We own Ed Lake." Defendants also threatened to use their financial expertise to "find something" in the firm accounts, claiming they are "always able to find something." Defendants intentionally timed their actions to exploit Plaintiffs' financial vulnerability and forced LAKE to sign an unconscionable financial agreement divesting his interest in LAKE LAW FIRM under duress. As part of this scheme, Defendants made a wrongful demand for $39 million from Plaintiffs, without legal or factual basis, further compounding the coercion and duress inflicted upon Plaintiffs.

29.     Defendants lacked the requisite credentials, licensure, and professional standing, and were not admitted to the New York bar. However, through their fraudulent misrepresentations, Defendants induced Plaintiffs and third parties—including clients, staff, and co-counsel—to believe Defendants were entitled to control and direct the operations of LAKE LAW FIRM.

30.     After seizing control of the Lake Law Firm, Defendants' exercised control of LAKE LAW FIRM as follows:

a.     Directed staff to send e-mails to vendors and co-counsel, falsely stating that Plaintiff was no longer involved in firm operations, without LAKE's review or approval.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

b.  Threatened to withhold LAKE's salary unless he removed his ability to sign on the firm's bank account.

c.  Conditioned continued funding of the firm on LAKE's execution of unconscionable agreements, timed just days before payroll deadlines.

d.  Took unilateral control of payroll, expenses, and financial decision-making for the firm.

e.  Exerted direct control over staff, including firing a large majority of employees, causing overwork and disruption of client services.

f.  Prevented LAKE from communicating freely with staff, clients, co-counsel or vendors by issuing directives that all communications flow through Defendants.

g.  Blocked or interfered with pending financing opportunities, including an $18 million loan, in order to maintain leverage over Plaintiff.

h.  Failed to pay firm obligations (e.g., American Express), resulting in the referral of obligations to collections and causing damage to LAKE's credit rating.

i.  Used threats and leverage to strip LAKE of effective authority in his own firm while continuing to benefit financially.

31.     Despite their fiduciary duty to clients, the sole concern of the Defendants was their fee interest in the cases. Because of their lack of legal experience, Defendants operated under the assumption that filed cases could be simply maintained until settlement with little to no firm staffing or resources. Defendants then terminated almost all staff with no notice or severance pay.

32.     Defendants, as investors and purported business partners, entered into contractual and fiduciary relationships with Plaintiffs, undertaking duties of loyalty, care, and good faith. Defendants breached these duties by acting in their own interests, misappropriating firm assets, and undermining the integrity and stability of the firm.

33.     Defendants engaged in a pattern of racketeering activity, including but not limited to wire and mail fraud, conversion of firm assets, extortionate threats, and repeated acts of fraud

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

and misrepresentation. These predicate acts were part of a scheme to unlawfully seize control of LAKE LAW FIRM and its financial resources.

34.     Defendants wrongfully exercised dominion and control over at least $7 million in firm assets, converting these funds for their own benefit and contrary to Plaintiffs' rights and interests.

35.     Throughout their course of conduct, Defendants made defamatory statements attacking Plaintiff LAKE's professional competence and reputation, both internally to staff and externally to funders and co-counsel. These statements were false, malicious, and damaged LAKE's professional standing.

36.     Defendants' actions included interference with staff, funders, and clients, resulting in the loss of business opportunities, goodwill, and the destruction of LAKE LAW FIRM as an ongoing concern. Plaintiffs were subjected to coercion, duress, and emotional distress as a direct result of Defendants' threats, intimidation, and unlawful conduct.

37.     All acts described herein were willful, malicious, and undertaken with intent to harm Plaintiffs. As a direct and proximate result of Defendants' misconduct, including fraud, breach of fiduciary duty, racketeering, conversion, coercion, duress, breach of the duty of good faith and fair dealing, and the unauthorized practice of law, Plaintiffs have suffered substantial damages, including but not limited to the conversion of $7 million in assets, loss of an $18 million financing opportunity, reputational harm, emotional distress, and the destruction of a successful law firm.

38.     Plaintiffs reserve the right to supplement these allegations as additional facts become known through discovery and further investigation.

## V.  **COUNT 1 - MISREPRESENTATION**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

39.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

40.     Defendants made material false statements to Plaintiffs and others, including representations that the entities they formed were legitimate law firms, properly constituted and compliant with all applicable laws and ethical rules. As such, they had authority to operate LAKE LAW FIRM.

41.     Defendants knew or should have known that these statements were false, as they were not licensed to practice law in New York and their entities were not authorized to operate as law firms under New York law or Rule 5.4 of the D.C. and New York Rules of Professional Conduct.

42.     Defendants intended Plaintiff to rely on these misrepresentations in entering into agreements and permitting Defendants to participate in the management and control of LAKE LAW FIRM.

43.     Plaintiff reasonably relied on Defendants' representations to his detriment, resulting in financial loss, loss of control over his firm, and reputational harm.

44.     As a direct and proximate result of Defendants' misrepresentations, Plaintiffs have suffered damages in an amount to be determined at trial.

## VI. COUNT 2 - TORTIOUS INTERFERENCE WITH CONTRACT

45.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

46.     Defendants interfered with a pending financing deal that would have provided necessary capital to the firm, intentionally sabotaging the transaction in order to force Plaintiffs into a position of financial distress and facilitate the Defendants' takeover of the firm.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

47.     Defendants' interference was intentional, without justification, and caused Plaintiffs to lose the benefit of the $18 million contract.

## VII.   COUNT 3 - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

48.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

49.     Defendants, acting individually and in concert with the other Defendants, contacted co-counsel and vendors, falsely stating that LAKE had mishandled the firm and was no longer in charge.

50.     These actions were intended to, and did, interfere with Plaintiff's business relationships, resulting in loss of business opportunities and damage to the firm's reputation.

51.     Defendants instructed firm employees not to accept calls from LAKE, thereby undermining Plaintiff's ability to manage the firm and maintain relationships with staff.

52.     Defendants' conduct was intentional and without justification, causing harm to Plaintiff's business operations.

## VIII.  COUNT 4 - COERCION / ECONOMIC DURESS

65.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

66.     Defendants intentionally placed Plaintiff under unlawful pressure and coercion by interfering in a financial opportunity and then threatening to withhold salary, halt payroll, and block firm funding unless Plaintiff signed agreements surrendering control of his firm.

67.     Defendants timed their actions to exploit Plaintiffs' financial vulnerability and forced Plaintiffs to sign a financial agreement divesting his interest in LAKE LAW FIRM under duress.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

68.     Defendant also threatened to "look at [LAKE's] books and "find something" unless LAKE signed agreements surrendering control of his firm.

69.     Such conduct constituted duress and was designed to force Plaintiff LAKE into executing documents and concessions he would not have otherwise agreed to.

70.     Plaintiff LAKE executed certain agreements under this coercion, immediately prior to payroll deadlines, when the firm and its staff would otherwise have been unable to operate.

71.     Defendants' conduct deprived Plaintiff of his free will, caused severe financial harm, and directly contributed to the loss of his law firm.

72.     Defendants' conduct constitutes coercion and economic duress under New York law, rendering the agreement voidable and entitling Plaintiff to damages and equitable relief.

73.     As a result of this coercion, Plaintiff sustained damages including destruction of a firm generating $20 million over two years, loss of an $18 million funding commitment, and reputational harm.

## IX. <u>COUNT 5 - BREACH OF FIDUCIARY DUTY</u>

74.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

75.     Defendants assumed positions of trust and control within the Lake Law Firm, creating fiduciary duties to Plaintiffs.

76.     Defendants owed duties of loyalty, good faith, honesty, and care to Plaintiffs.

77.     Defendants breached their fiduciary duties by failing to disclose material facts regarding the true nature of their entity, their lack of licensure, and their intentions to take control of the firm for their own benefit. Defendants breached these duties by diverting firm funds,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

sabotaging client and lender relationships, interfering with payroll, and misrepresenting the solvency of the firm.

78.     Defendants acted in self-interest, to the detriment of Plaintiffs and their clients, resulting in substantial harm.

79.     As a result, Plaintiffs suffered damages including conversion of $7 million, collapse of client relationships, and destruction of goodwill.

80.     Defendants acted in bad faith and with malice, justifying punitive damages.

## X. COUNT 6 - CONVERSION

81.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

82.     Defendants, without authorization or legal right, exercised control over and converted firm funds and assets for their own use, including withdrawing or redirecting monies from firm accounts.

83.     Plaintiff was deprived of the use and possession of firm property, resulting in financial loss.

## XI. COUNT 7 - CIVIL RICO / RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

84.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

85.     Defendants constituted an enterprise within the meaning of 18 U.S.C. § 1961(4), and their conduct was part of a pattern of racketeering activity as defined by 18 U.S.C. § 1961(5).

86.     Defendants engaged in a pattern of racketeering activity, including but not limited to wire fraud, mail fraud, and other predicate acts, in furtherance of their scheme to take over Lake Law Firm and deprive Plaintiff of his ownership and control.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

87.     From approximately March 2024 through July 2025 Defendants entered into an explicit and tacit agreement to form and operate an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4), for the express purpose of unlawfully seizing control of LAKE LAW FIRM, misappropriating its assets, and depriving Plaintiffs of their business and property.

88.     The enterprise was structured and operated through coordinated actions and the use of shell entities, including JUSTICE PARTNERS and TITAN, which served as instrumentalities for the movement and concealment of funds and to shield Individual Defendants from liability.

89.     Each Defendant played a specific and essential role in furtherance of the conspiracy and racketeering scheme:

a.  LEE MELCHIONNI orchestrated and directed communications, threats, and extortionate demands, including the timing of payroll threats and the wrongful demand for $39 million;

b.  SYLVIA BENITO and RICK SOLIT participated in and authorized financial transactions, asset transfers, the diversion of firm funds, and extortionate demands, including the timing of payroll threats and the wrongful demand for $39 million.

c.  ACI LAW GROUP LLP, ACI TALC LAW GROUP LLP, ASK LAW GROUP LLP, BHI LAW GROUP LLP, BLUE CHIP LAW GROUP LLP, ERC LAW GROUP LLP, ERC PARTNERS LLC, JUSTICE PARTNERS GROUP LLP, KS LAW GROUP LLP, LRS LAW GROUP, LLP, TC LAW GROUP LLP, TITAN LAW GROUP, LLP, functioned as shell entities to facilitate the movement, concealment, and conversion of assets, and to provide a façade of legitimacy to the enterprise;

90.     Defendants, acting in concert, committed numerous predicate acts in furtherance of the enterprise and conspiracy, including but not limited to:

a.  Wire Fraud: Transmitting false statements, fraudulent documents, and extortionate demands via email, telephone, and/or electronic transfers to Plaintiffs, staff, funders, and third parties, particularly in connection with firm control and funding;

b.  Mail Fraud: Sending written correspondence and documents containing false statements and misrepresentations to Plaintiffs and third parties, including funders and co-counsel, to induce reliance and facilitate the unlawful takeover;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

c. Extortion: Making threats to withhold payroll funding and demanding $39 million from Plaintiffs under duress, exploiting Plaintiffs' financial vulnerability and intentionally timing these threats to coincide with critical payroll deadlines;

d. Conversion: Wrongfully exercising dominion and control over at least $7 million in firm assets through misrepresentation, fraud, and coercion;

e. Misrepresentation: Disseminating false statements regarding their own credentials and position to LAKE and staff, in furtherance of their scheme to wrongfully take over the FIRM.

f. Interference with Contractual Relations: Sabotaging a pending $18 million financing opportunity through fraudulent communications and interference with funders, co-counsel, and staff.

91.    These acts occurred on multiple occasions from at least March 2024, and were not isolated incidents but part of a continuous, coordinated pattern of racketeering activity and civil conspiracy designed to further the enterprise's unlawful objectives.

92.    Defendants' coordinated conduct constitutes both a civil conspiracy under New York law and a pattern of racketeering activity under 18 U.S.C. § 1962(c) and (d). As a direct and proximate result of these violations, Plaintiffs have suffered substantial and direct injury to their business and property, including the loss and conversion of firm assets, destruction of financing opportunities, severe reputational harm, emotional distress, and the collapse of The Lake Law Firm.

93.    Plaintiff has been injured in his business and property by reason of Defendants' violations of 18 U.S.C. § 1962.

## XII. COUNT 8 - NEGLIGENCE

94.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

95.     Defendants, acting individually and in concert with the other Defendants, fired essential staff, refused to accept new cases from clients calling in, and refused to terminate an employee who was reported to have sexually harassed another employee.

96.     These actions constituted gross mismanagement and caused substantial harm to the firm's operations and reputation.

## XIII. <u>COUNT 9 - FRAUD</u>

97.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

98.     Defendants made material misrepresentations regarding their qualifications to operate and manage a law firm, including false claims of licensure and experience. Defendants falsely and knowingly held themselves out as a legitimate law firm and/or authorized providers of legal services in New York, despite not being admitted to practice law nor properly organized to provide legal services.

99.     Defendants made such false representations with the intent to induce Plaintiff to rely upon their purported legitimacy in order to gain access to Plaintiffs' law firm, clients, staff, financial accounts, and business opportunities.

100.     Plaintiffs reasonably relied upon Defendants' misrepresentations to their detriment.

101.     As a direct and proximate result of Defendants' fraudulent conduct, Plaintiffs suffered damages including conversion of $7 million, loss of an $18 million financing commitment, reputational harm, and destruction of a law firm generating $20 million over two years.

102.     Defendants acted willfully, wantonly, and maliciously, warranting punitive damages.

## XIV. <u>COUNT 10 - CONSPIRACY</u>

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

103.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

104.     Defendants conspired together to commit the above-described acts, agreeing to engage in a coordinated scheme to take control of LAKE LAW FIRM, deprive Plaintiff of his ownership interest, and commit multiple torts and violations of law.

105.     Each Defendant committed overt acts in furtherance of the conspiracy, resulting in harm to Plaintiffs.

## XV. COUNT 11- BREACH OF DUTY OF CARE / BAD FAITH

106.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

107.     Defendants, by virtue of their control over the firm, owed a duty of care and were required to act in good faith in the management and operation of LAKE LAW FIRM.

108.     Defendants breached this duty by running the firm into the ground, firing essential staff, refusing to accept new cases, and failing to address serious misconduct by employees, including harassment.

109.     Defendants' actions were grossly negligent, reckless, and in bad faith, resulting in substantial harm to LAKE and the FIRM.

## XVI. COUNT 12 - UNAUTHORIZED PRACTICE OF LAW

114.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

115.     Defendants, not licensed attorneys in New York, engaged in the unauthorized practice of law by holding themselves out as attorneys and/or by exerting control over the management, client relations, and financial operations of a New York law firm.

116.     Such conduct violated New York Judiciary Law §§ 478 and 484.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

117.    Defendants' misrepresentations to clients, funders, and employees that they were legally authorized to control a law practice constituted fraud and deception.

118.    As a direct and proximate result of Defendants' unauthorized practice, Plaintiff suffered damages including reputational harm, loss of client relationships, and destruction of firm goodwill.

119.    Defendants acted knowingly and maliciously, warranting punitive damages.

## XVII.  COUNT 13 – STATUTORY FRAUD

120.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

121.    At all relevant times, Defendants JUSTICE PARTNERS, TITAN, LEE MELCHIONNI, SYLVIA BENITO, RICK SOLIT, and JANE/JOHN DOES 1–12, acting individually and in concert, engaged in deceptive, fraudulent, and unlawful acts and practices in violation of New York General Business Law § 349 and § 350, and other applicable statutes.

122.    Defendants, in connection with their takeover and operation of LAKE LAW FIRM, made and disseminated materially false and misleading representations to Plaintiffs, clients, staff, funders, and the public, including but not limited to:

a.    Falsely representing themselves as a legitimate law firm authorized to practice law in the District of Columbia and New York;

b.    Falsely claiming to possess the requisite licensure, credentials, and professional standing to own, operate, and manage a law firm in New York;

c.    Misrepresenting the nature, terms, and legality of their investment agreements and financial arrangements with Plaintiffs;

d.    Concealing material facts regarding their lack of authority, licensure, and professional qualifications;

e.    Disseminating false and misleading statements regarding Plaintiff Edward J. Lake's professional competence, alleged criminal conduct, and the status of The Lake Law Firm.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

123.     Defendants' deceptive acts and practices were consumer-oriented, affected the public interest, and were likely to mislead reasonable persons, including Plaintiffs, clients, staff, and funders, causing substantial injury.

124.     Plaintiffs and other affected parties reasonably relied on Defendants' false and misleading representations, resulting in the conversion of $7 million in firm assets, destruction of an $18 million financing opportunity, collapse of a $20 million revenue firm, severe reputational harm, emotional distress, and other damages.

125.     Defendants' conduct constitutes statutory fraud under New York law, including violations of General Business Law § 349 (prohibiting deceptive acts and practices in the conduct of any business, trade, or commerce) and § 350 (prohibiting false advertising), and any other applicable statutes.

126.     As a direct and proximate result of Defendants' statutory violations, Plaintiffs have suffered actual damages, including financial loss, reputational injury, and emotional distress. Defendants' conduct was willful, malicious, and undertaken with conscious disregard for Plaintiffs' rights and the requirements of New York law.

127.     WHEREFORE, Plaintiffs seek judgment against Defendants for all damages resulting from Defendants' statutory fraud, including actual, statutory, and treble damages, costs, interest, attorneys' fees, and such other relief as the Court deems just and proper.

## XVIII. COUNT 14 - USURY

128.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

129.     At all relevant times, DEFENDANTS JUSTICE PARTNERS, TITAN, LEE MELCHIONNI, SYLVIA BENITO, RICK SOLIT, and JANE/JOHN DOES 1–12, acting

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

individually and in concert, entered into financial arrangements, investment agreements, and/or loan transactions with Plaintiffs and subsequent demands for payment.

130.    Defendants, in connection with these transactions, imposed, charged, or demanded interest rates, fees, or other charges in excess of the maximum permitted by New York General Obligations Law §§ 5-501 et seq. and New York Penal Law §§ 190.40 et seq., which prohibit the charging of interest on loans or forbearances of money at a rate exceeding 16% per annum (civil usury) and 25% per annum (criminal usury).

131.    Defendants' conduct included, but was not limited to:

    a.    Demanding excessive payments and interest in connection with the wrongful $39 million demand and other financial arrangements;

    b.    Structuring transactions as loans, advances, or forbearances of money, disguised as investments or capital infusions, but in substance constituting usurious loans;

    c.    Imposing terms and conditions that required Plaintiffs to pay interest, fees, or other charges in excess of the legal limits, under threat of economic harm, coercion, and duress.

132.    Plaintiffs did not knowingly consent to any usurious terms, and any such consent, if alleged, was obtained under duress, coercion, and without full disclosure of the true nature of the transactions.

133.    Defendants' actions constitute civil and/or criminal usury under New York law. As a result, any agreements or obligations arising from such usurious transactions are void and unenforceable, and Plaintiffs are entitled to recover all amounts paid in excess of the legal rate, together with damages, costs, interest, and such other relief as the Court deems just and proper.

134.    WHEREFORE, Plaintiffs seek judgment against Defendants:

    a.    Declaring any usurious agreements void and unenforceable;

    b.    Awarding restitution of all amounts paid in excess of the legal rate;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

c.  Awarding compensatory and punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## XIX. COUNT 15 - BREACH OF FIDUCIARY DUTY

135.  Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

136.  At all relevant times, Defendants, by virtue of their contractual, investment, and business relationships with Plaintiffs, owed Plaintiffs fiduciary duties, including duties of loyalty, care, candor, and good faith. These duties arose from Defendants' positions as investors, business partners, and persons exercising control over the operations, finances, and management of LAKE LAW FIRM.

137.  Defendants breached their fiduciary duties to Plaintiffs by, among other acts and omissions:

a.  Failing to disclose material facts regarding their lack of licensure, professional standing, and authority to operate or control a law firm in New York;

b.  Concealing their true intentions to unlawfully seize control of LAKE LAW FIRM for their own benefit;

c.  Misappropriating and converting firm assets, including at least $7 million in funds;

d.  Acting in self-interest and to the detriment of Plaintiffs, including making a wrongful demand for $39 million and sabotaging a pending $18 million financing opportunity;

e.  Engaging in conduct that undermined the integrity, stability, and reputation of LAKE LAW FIRM, including the dissemination of false and defamatory statements about Plaintiff LAKE;

f.  Failing to act in good faith and with due care in the management and operation of the firm, including gross mismanagement, firing essential staff, and refusing to address serious misconduct within the firm.

138.  Defendants' breaches of fiduciary duty were willful, malicious, and undertaken with intent to harm Plaintiffs and to benefit themselves at Plaintiffs' expense.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

139.    As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiffs have suffered substantial damages, including but not limited to the conversion of $7 million in assets, loss of business opportunities, destruction of an $18 million financing opportunity, reputational injury, emotional distress, and the collapse of a $20 million revenue firm.

140.    WHEREFORE, Plaintiffs seek judgment against Defendants for all damages resulting from Defendants' breach of fiduciary duty, including compensatory, punitive, and treble damages, costs, interest, and such other relief as the Court deems just and proper.

## XX. COUNT 16 - UNJUST ENRICHMENT

141.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

142.    At all relevant times, Defendants, acting individually and in concert, received and retained substantial benefits, including but not limited to the control, use, and enjoyment of LAKE LAW FIRM'S assets, including the wrongful transfer of approximately $7 million.

143.    Defendants' receipt and retention of these benefits was without legal right, and was obtained through wrongful conduct, including misrepresentation, fraud, conversion, and other unlawful acts as set forth in this Complaint.

144.    Plaintiffs conferred these benefits upon Defendants either directly or indirectly, in reliance on Defendants' false representations, threats, and misuse of their positions of control. Defendants' retention of such benefits is unjust and inequitable, as Plaintiffs have suffered substantial financial loss, reputational harm, and the destruction of their business, while Defendants have been enriched at Plaintiffs' expense.

145.    Defendants have not compensated Plaintiffs for the value of the benefits received, nor do they have any lawful entitlement to retain such benefits.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

146.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have suffered damages including, but not limited to, the loss and conversion of at least $7 million in firm assets.

147.     WHEREFORE, Plaintiffs seek judgment against Defendants for restitution and disgorgement of all benefits unjustly received and retained, together with compensatory and punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## XXI. COUNT 17 – AIDING AND ABBETTING

148.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

149.     Defendants, and each of them, knowingly and substantially assisted, encouraged, and participated in the wrongful acts described in this Complaint, including but not limited to fraud, breach of fiduciary duty, conversion, and the unauthorized practice of law. Specifically, Defendants provided substantial assistance to one another in orchestrating and executing the hostile takeover of The Lake Law Firm, misappropriating firm assets, interfering with contractual and business relationships, and disseminating false and defamatory statements regarding Plaintiffs' professional competence and business operations.

150.     Defendants had actual knowledge of the primary wrongful conduct and intentionally aided, abetted, and facilitated such conduct by, among other things:

- Coordinating and participating in the fraudulent misrepresentation of their authority and qualifications to clients, staff, and funders;

- Assisting in the conversion and misappropriation of firm assets, including at least $7 million in funds;

- Supporting and enabling the interference with Plaintiffs' contractual and business relationships, including the destruction of an $18 million financing commitment;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                      RECEIVED NYSCEF: 11/06/2025

Case 2:25-cv-06213    Document 1-1    Filed 11/06/25    Page 33 of 39 PageID #: 87

- Participating in the dissemination of defamatory statements and the exertion of coercion and duress upon Plaintiffs and their staff;

- Enabling and encouraging the unauthorized practice of law in the State of New York.

151. As a direct and proximate result of Defendants' aiding and abetting of each other's wrongful acts, Plaintiffs have suffered substantial damages, including but not limited to loss of assets, business opportunities, reputation, and emotional well-being.

152. Defendants' conduct was willful, malicious, and undertaken with the intent to harm Plaintiffs and to benefit themselves at Plaintiffs' expense.

WHEREFORE, Plaintiffs demand judgment against Defendants for all damages resulting from their aiding and abetting of the wrongful acts alleged herein, including compensatory and punitive damages, together with costs, interest, and such other relief as the Court deems just and proper.

## XXII.  PIERCING THE CORPORATE VEIL

153. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

154. Upon information and belief, Defendants ACI LAW GROUP LLP, ACI TALC LAW GROUP LLP, ASK LAW GROUP LLP, BHI LAW GROUP LLP, BLUE CHIP LAW GROUP LLP, ERC LAW GROUP LLP, ERC PARTNERS LLC, JUSTICE PARTNERS GROUP LLP, KS LAW GROUP LLP, LRS LAW GROUP, LLP, TC LAW GROUP LLP, and TITAN LAW GROUP, LLP, ("D.C. FIRMS") are entities formed, owned, and controlled by Defendants LEE MELCHIONNI, SYLVIA BENITO, RICK SOLIT, and others, for the sole purpose of facilitating the wrongful acts described in this Complaint.

155. At all relevant times, the D.C. FIRMS failed to observe corporate formalities, were inadequately capitalized, and commingled funds and assets with those of the individual

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1
INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 11/06/2025

Case 2:25-cv-06213    Document 1-1    Filed 11/06/25    Page 34 of 39 PageID #: 88

Defendants. The D.C. FIRMS lacked independent business operations, assets, or decision-making authority, and functioned exclusively as instrumentalities and alter egos of the Individual Defendants.

156.    The Individual Defendants dominated and controlled the D.C. FIRMS to such an extent that the entities had no separate will, existence, or interests of their own, and were used as mere conduits for the personal benefit of MELCHIONNI, BENITO, SOLIT, and their associates.

157.    The D.C. FIRMS were used to perpetrate fraud, commit wrongful acts, and evade legal obligations, including but not limited to: (a) misrepresenting their status as a legitimate law firm; (b) unlawfully seizing control of LAKE LAW FIRM; (c) converting firm assets; (d) interfering with contracts and business relationships; and (e) shielding the Individual Defendants from personal liability for their misconduct.

158.    The misuse of the corporate form by the Individual Defendants resulted in injustice and inequity to Plaintiffs, including the loss of $7 million in firm assets, the destruction of an $18 million financing opportunity, reputational harm, and the collapse of a $20 million revenue firm.

159.    Under New York law, where the owners of a corporation so dominate and control the entity that it becomes a mere instrumentality for their personal business, and such control is used to commit a fraud or other wrong resulting in injury to a third party, the corporate veil may be pierced and the individuals held personally liable for the corporation's acts.

160.    Plaintiffs therefore request that the Court disregard the separate legal existence of ACI LAW GROUP LLP, ACI TALC LAW GROUP LLP, ASK LAW GROUP LLP, BHI LAW GROUP LLP, BLUE CHIP LAW GROUP LLP, ERC LAW GROUP LLP, ERC PARTNERS LLC, JUSTICE PARTNERS GROUP LLP, KS LAW GROUP LLP, LRS LAW GROUP, LLP, TC LAW GROUP LLP, and TITAN LAW GROUP, LLP,, and hold Defendants MELCHIONNI, BENITO,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

SOLIT, and any other individuals found to have exercised such domination and control, jointly and severally liable for all damages and relief awarded in this action.

## XXIII. EXEMPLARY / PUNITIVE DAMAGES

161.    Plaintiffs repeat and reallege all prior factual allegations as if fully set forth herein.

162.    Defendants' conduct, as described throughout this Complaint, including fraud, conversion of firm assets, tortious interference with contracts and prospective business advantage, coercion, and racketeering, was egregious, willful, malicious, and undertaken with conscious disregard for Plaintiffs' rights. The cumulative and repeated nature of Defendants' misconduct demonstrates a pattern of intentional harm and bad faith, warranting the imposition of exemplary and punitive damages to punish Defendants and deter similar future misconduct.

## XXIV. DAMAGES

163.    As a direct and proximate result of Defendants' fraudulent conduct, Plaintiffs suffered substantial damages, including but not limited to:

a.    Loss and conversion of at least $7 million in firm assets;

b.    Destruction of an $18 million financing commitment due to funders withdrawing support based on Defendants' misrepresentations and interference;

c.    Severe reputational harm within the legal and business communities;

d.    Collapse of a $20 million revenue firm, resulting in loss of business opportunities, goodwill, and emotional distress.

e.    Defendants' actions were willful, malicious, and undertaken with intent to harm Plaintiffs.

164.    WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory and punitive damages, together with costs, interest, and such other relief as the Court deems just and proper.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                        RECEIVED NYSCEF: 11/06/2025

Case 2:25-cv-06213     Document 1-1     Filed 11/06/25     Page 36 of 39 PageID #: 90

## XXV. <u>PRELIMINARY INJUNCTION</u>

165.    Plaintiffs seek preliminary injunctive relief to prohibit Defendants from withholding funding pursuant to the June 2025 letter of intent and agreement, preserving the status quo and compelling the Defendants to continue paying expenses as required under the contractual agreement during the pendency of this litigation. Immediate relief is necessary to prevent irreparable harm to Plaintiffs and to ensure that the contractual obligations are honored while the underlying dispute is adjudicated.

166.    Despite the unequivocal terms of the contract, Defendants have indicated their intent to refuse to continue making the required payments. This conduct constitutes a material breach or anticipatory breach of the agreement. Plaintiffs have made multiple demands for compliance, all of which have been ignored or rejected by Defendants. The refusal to honor the agreement is not based on any bona fide dispute as to the existence or enforceability of the obligation, but rather an attempt to gain leverage in the ongoing dispute and to exert further control over the LAKE LAW FIRM.

167.    Plaintiffs will suffer immediate and irreparable harm if Defendants are not compelled to continue paying expenses as contractually required. The ongoing viability of LAKE LAW FIRM depends on the timely payment of these expenses. Without such payments, Plaintiffs face the risk of operational shutdown, inability to meet payroll, default on third-party obligations, and loss of goodwill and business opportunities. These harms are not readily quantifiable and cannot be adequately remedied by monetary damages after the fact. New York courts recognize that the loss of an ongoing concern, business reputation, or unique business opportunities constitutes irreparable harm warranting injunctive relief.

168.    The relief sought merely preserves the status quo by requiring Defendants to continue performing their existing contractual obligations pending resolution of the underlying

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

dispute. Granting the injunction does not impose any new or additional burden on Defendants; it simply enforces the bargain they voluntarily entered. The balance of equities thus tips decidedly in Plaintiffs' favor, as Defendants will suffer no cognizable harm from compliance, while Plaintiff faces severe and irreparable injury if relief is denied.

169.    Granting the requested injunction serves the public interest by upholding the sanctity of contracts, promoting commercial stability, and preventing the disruption of ongoing business operations, which would result in harm to thousands of clients. It also discourages parties from using the pendency of litigation as a pretext to evade clear contractual duties, thereby fostering confidence in the enforceability of agreements and the integrity of the judicial process.

170.    Plaintiffs have no adequate remedy at law because the damages resulting from Defendants' refusal to pay their contractual obligations are not fully ascertainable and may include loss of business, reputation, and opportunities that cannot be restored by a monetary award. Only injunctive relief can prevent the imminent and irreparable harm threatened by Defendants' conduct.

171.    For these reasons, Plaintiffs respectfully submit that all elements required for a preliminary injunction under New York law are satisfied, and that the requested relief is both necessary and appropriate to preserve the status quo and protect Plaintiffs' rights during the pendency of this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE, PC d/b/a THE LAKE LAW FIRM respectfully request that the Court enter judgment in their favor and against Defendants LEE MELCHIONNI, SYLVIA BENITO, RICK SOLIT, TITAN LAW GROUP, LLP, LRS LAW GROUP, LLP, ERC LAW GROUP, LLP, ERC PARTNERS, LLC, and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

JUSTICE PARTNERS GROUP, LLP, and any additional parties named as JANE/JOHN DOES 1-

12, and grant the following relief:

a.  Awarding compensatory damages in an amount to be determined at trial, including but not limited to $7 million in converted assets, damages for lost financing and business opportunities (including the destruction of an $18 million financing opportunity), and all other losses resulting from Defendants' conduct;

b.  Awarding punitive damages for Defendants' willful, malicious, and egregious conduct, including but not limited to fraud, breach of fiduciary duty, conversion, misrepresentation, coercion, duress, and the unauthorized practice of law;

c.  Awarding treble damages as permitted by law, including under the Civil RICO statute and any other applicable statutes;

d.  Awarding damages for breach of contract and breach of the duty of good faith and fair dealing;

e.  Awarding pre- and post-judgment interest as permitted by law;

f.  Awarding costs of suit, including reasonable attorneys' fees;

g.  Imposing equitable relief, including but not limited to accounting, constructive trust, disgorgement, and restitution, as the Court deems just and proper;

h.  Issuing a preliminary injunction and/or protective order requiring Defendants to continue funding LAKE LAW FIRM through pursuant to the June 2025 investment agreement;

i.  Issuing a temporary restraining order and preliminary injunction prohibiting Defendants from directly or indirectly communicating with firm employees, vendors, co-counsel, or clients regarding the management, operations, or status of LAKE LAW FIRM, except as expressly authorized by the Court;

j.  Ordering Defendants to refrain from any further interference with Plaintiffs' business relations, contracts, employees, vendors, co-counsel, or clients, and to reinstate LAKE'S signing authority on firm financial accounts.

k.  Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Respectfully submitted,

_____

Edward J. Lake, Esquire
**EDWARD LAKE, ESQ.**
270 West Main Street, Suite 3
Sayville, NY 11782
Phone: 888-525-3529
Fax: 917-893-4392
Email: info@lakelawfirm.com
Email: edlakelaw@yahoo.com

## VERIFICATION

I, Edward J. Lake, am the Plaintiff in the above-captioned action. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge, except as to matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____

Edward J. Lake

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.